POTTER HANDY, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162; Fax (760) 480-4170
mark@potterhandy.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA HERNANDEZ,<br><br>      Plaintiff,<br><br>v.<br><br>CHASE BANK, USA, N.A.; and DOES 1-20;<br><br>      Defendants. | Case No.: 09CV0629 JLS (LSP)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER;**<br><br>**(1) TRUTH IN LENDING ACT;**<br>**(2) FOREIGN LANGUAGE CONTRACT ACT;**<br>**(3) UNFAIR COMPETITION LAW;**<br>**(4) QUIET TITLE ACTION**<br><br>**DEMAND FOR JURY** |

Plaintiff ALEJANDRA HERNANDEZ complains of Defendants, CHASE BANK, USA, N.A.; and DOES 1-20 (hereinafter referred to as "Defendants") and allege:

**I. PRELIMINARY STATEMENT**

1. This is an action for permanent injunctive relief, and damages for predatory and discriminatory lending in the provision of financial mortgage lending assistance. The plaintiff seeks rescission and/or reformation of the loan transactions for which there is a security interest in her home and seeks her remedies as outlined below.

2.

## II. RELEVANT FACTS

3. The plaintiff, Alejandra Hernandez, is a predominantly Spanish speaker and generally does not read or write in English. At all relevant times alleged herein, Ms. Hernandez was over the age of 18 and a resident of San Diego County. In October of 2007, Ms. Hernandez, a caterer, purchased a home located at 301 E. 6th Street, Calexico, California. The purchase price was $350,000 and it was intended to be a real step up for Ms. Hernandez who had been living in a much smaller home. Said real property, hereinafter "PROPERTY", is the subject of this suit and all claims made herein are based upon the purchase and ownership of said PROPERTY in the name of Ms. Hernandez.

4. Ms. Hernandez negotiated the loan with Defendant Chase Bank through a licensed California Real Estate Broker: Mortgage Made Easy. The terms were discussed and negotiated primarily and entirely in Spanish. Despite the fact that she requested a translation of the terms into Spanish, no translation and no contract terms were provided to Ms. Hernandez in Spanish at any time.

5. Ms. Hernandez, who had an excellent credit score, was informed by Chase that because she already owned a home, this new purchase had to be as an "investment" property. The loan transaction was for 10.499% fixed rate over 30 years, although the going rate for owner-occupied properties was about 6.5%. This was untrue. Standard underwriting practices at the time dictated just the opposite, i.e., that when a property being purchased was superior to the property already owned and the borrower wished to move up, the loan could be made at an owner-occupied rate. Chase disregarded the borrower's stated intention and convinced the borrower to accept a loan that was greatly detrimental to the plaintiff but provided maximum return to Chase based in part, upon false and misleading statements.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the PROPERTY, or their relative responsibilities in causing the violations of law herein complained of, and allege a joint

venture and common enterprise by all such Defendants.  Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 20, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 20, inclusive, are ascertained.

7.     At all times relevant hereto, the Defendants, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

8.     Defendants and their agents, officers, employees, and affiliated or associated parties have engaged in and continue to engage in a pattern of unlawful, fraudulent or unfair predatory real estate lending practices causing victims of their actions, including Plaintiff herein, to lose their home through foreclosure.

9.     The English copy of the Truth in Lending Act Disclosures understated the annual percentage rate, the finance charge, the amount financed and the total of payments and providing misleading information.

10.    Chase Bank, acting through its agents, filed a Declaration of Compliance pursuant to California Civil Code, Section 2923.5(c), as a necessary first step to foreclosing on the PROPERTY declaring that Chase had contacted the borrower and assessed the borrower's financial situation and explored options to avoid foreclosure (as required by the Civil Code).  This declaration is a falsehood.

## I. FIRST CAUSE OF ACTION
## TRUTH IN LENDING ACT

11.    The allegations contained in all previous paragraphs are realleged and incorporated herein by reference.

12.    In October of 2007, Ms. Hernandez consummated a consumer credit

transaction (hereinafter ''the transaction'') with Defendants or their predecessors in interest in which Defendants extended consumer credit was subject to a finance charge and which was initially payable to Defendants or their predecessors in interest.

13. As part of this consumer credit transaction, the Defendants retained a security interest in the PROPERTY, which is Plaintiff's home.

14. The disclosures made pursuant to the Truth in Lending Act violated the requirements of Truth in Lending and Regulation Z in the following and other respects: it understated the annual percentage rate, the finance charge, the amount financed and the total of payments.

15. The plaintiff raises these claims defensively under a recoupment theory in the face of the Defendants foreclosure proceedings. Plaintiff seeks actual damages, statutory damages, attorney's fees and costs.

## II. SECOND CAUSE OF ACTION
## FOREIGN LANGUAGE CONTRACT ACT
### [Cal. Civ. § 1632 et al.]

16. The allegations contained in all previous paragraphs are realleged and incorporated herein by reference.

17. The contract and loan obligations negotiated in this case were for use primarily for personal, family or household purposes and subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000), or Division 9 (commencing with Section 22000) of the Financial Code. Although the FLCA generally exempts loans secured by real property from its coverage, this loan falls within one of the enumerated exceptions: for loans that are negotiated by real estate brokers.

18. Thus, the loans that are the subject of this lawsuit were subject to the requirements of the Foreign Language Contract Act found at California Civil Code §

1632 et al.

19. Because the contract and loan obligation was negotiated in Spanish, the plaintiff was entitled to a copy of the loan terms in Spanish. Defendants failed to provide the plaintiff with a copy of the loan terms in Spanish.

20. Pursuant to subdivision (k) of the California Civil Code § 1632, Defendants must allow the plaintiff to rescind the loan.

21. Pursuant to California Civil Code § 1691(b), this complaint serves as a notice of rescission.

### III. THIRD CAUSE OF ACTION
### UNFAIR COMPETITION LAW
### [Cal. Bus. & Prof. § 17200 et al]

22. The allegations contained in all previous paragraphs are realleged and incorporated herein by reference.

23. The Defendants violated the Truth in Lending Act, the Perata Mortgage Relief Act, and the Foreign Language Contract Act as alleged above.

24. Defendants' acts and omissions alleged herein are a violation of both statutory requirements and public policy and, therefore, constitute a violation of Business and Professions Code sections 17200 et seq.

25. By failing to provide the contract terms in Spanish to the plaintiff, the Defendants took advantage of the language gap to mislead and deceive the plaintiff about the true cost of her credit and about the terms under which she was financing her home.

26. Because the defendant failed to comply with the Foreign Language Contract Act and the Truth in Lending Act (and, therefore, the UCL) and give the plaintiff a translation of the loan terms, with accurate disclosures, she was misled as to the actual terms she was entering into to her great harm and injury. She entered into a

loan transaction that cost her much more than what she was willing to agree to and cost her a lot more than she could afford.

27. The Plaintiff has suffered injury in fact because of these violations.

28. Plaintiff seeks restitution and injunctive relief

## V. FOURTH CAUSE OF ACTION
### QUIET TITLE (Cal. Civ. P. § 760.010-764.080)

29. The allegations contained in all previous paragraphs are realleged and incorporated herein by reference

30. The Plaintiff is the owner of the PROPERTY, is currently in possession of the PROPERTY and is entitled to possession of the PROPERTY.

31. The Defendants claim an adverse interest in the PROPERTY owned by the Plaintiff, but such claims are without right, the Defendants have no right, title, stake, lien, or interest in the PROPERTY.

32. Because the plaintiff has properly exercised her rescission right and rescinded the loan transaction, the security interest in the PROPERTY has been terminated, any debt owed by the plaintiff to the Defendants is an unsecured debt and does not impair title. There is no debt that impairs title to the PROPERTY.

33. Plaintiff filed a Notice of Pendency of Action with the San Diego County Recorder's Office on April 14, 2009.

34. Plaintiff seeks a determination of her fee simple title in this action as of the date that this complaint is filed.

35. The legal description of the PROPERTY is as follows:

*LOT 7, BLOCK 1 OF SANTA'S SUBDIVISION OF BLOCK 28 OF THE TOWNSITE OF CALEXICO, IN THE CITY OF CALEXICO, COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO MAP NO. 1040, ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, A COPY OF SAID MAP BEING ON FILE IN THE OFFICE OF*

*THE COUNTY RECORDER OF IMPERIAL COUNTY*.

The property is designated as Assessor's Parcel No. 058-424-11-01

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For rescission;
2. For actual damages;
3. For statutory damages;
4. For restitutionary disgorgement of all monies received as a result of unfair competition;
5. For interest as permitted by law;
6. A judgment quieting Plaintiff's fee simple title to the real property and that Defendants have no right, title, or interest in or to the real property
7. For costs and attorney's fee as provided under the statutes alleged above.

Award such other and further relief as the Court deems just and proper.

Dated: June 4, 2009                    POTTER HANDY, LLP

By:  /s/ Mark D. Potter
MARK D. POTTER
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 4, 2009                    POTTER HANDY, LLP

By:  /s/ Mark D. Potter
MARK D. POTTER
Attorneys for Plaintiff

# **PROOF OF SERVICE**

HERNANDEZ V. CHASE BANK, USA, N. A.                    Case No.: 09CV0629JLSLSP

     I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 100 East San Marcos Blvd., Suite 400, San Marcos, California, 92069-2088.

     On June 4, 2009 I served the following document(s):

**NOTICE OF FILING FIRST AMENDED COMPLAINT IN LIEU OF OPPOSITION TO MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT**

Addressed to:
Christopher S. Yoo, Esquire
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

☐   BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Marcos, California.
☐   BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.
☐   BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Marcos, California.
☐   BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.
☒   BY ELECTRONIC MAIL TRANSMISSION: via the United States District Court, Southern District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

     Executed on June 4, 2009 from San Marcos, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                                           Lauren Whitehead

PROOF OF SERVICE